HANOVER NAT. BANK et al. v. CREDITS COMMUTATION CO. et al.

(Circuit Court, N. D. Iowa, W. D.    October 23, 1902.)

1. REMOVAL OF CAUSES—DIVERSITY OF CITIZENSHIP—SEPARABLE CONTROVERSY.
    A suit in equity by stockholders against the corporation, its directors. and another stockholder, who owns a majority of the stock, to enjoin the defendants from making certain dispositions and uses of the property and assets of the corporation, does not involve a separable controversy between complainants and the defendant stockholder which gives the latter the right to remove the cause into a federal court on the ground of diversity of citizenship, where complainants and the corporation are citizens of the same state.

On Motion to Remand to State Court.

A. L. Beardsley, J. S. Huey, and Wright, Call & Hubbard, for complainants.

Taylor & Burgess, for defendants.

SHIRAS, District Judge. This suit in equity was commenced in the district court of Woodbury county, Iowa, and upon the application of John C. Coombs was ordered to be transferred to this court. The motion to remand presents the question whether jurisdiction over the case was rightfully conferred on this court by the proceedings for removal. The record shows that the Credits Commutation Company and the Combination Bridge Company, two of the defendants, are corporations created under the laws of the state of Iowa, and E. A. Burgess was when the suit was commenced and continues to be a citizen of Iowa. Under this state of facts, it is clear that the right

¶ 1. Separable controversy as ground for removal of cause to federal court, see notes to Robbins v. Ellenbogen, 18 C. C. A. 86; Mecke v. Mineral Co., 35 C. C. A. 155.

of removal did not exist in favor of all the defendants, as three of them were and are citizens and residents of the state and district wherein the suit was brought, and the right of removal can be predicated only upon the claim that the suit involves a separate controversy between the complainants and the defendant John C. Coombs, who is and was when the suit was brought a citizen of Massachusetts. In the petition for removal it is averred:

"That the said controversy is of the following nature, to wit: The plaintiffs, as stockholders only of the said Credits Commutation Company, have by their petition in equity brought suit against said Credits Commutation Company, said Combination Bridge Company, and all of said directors aforesaid, and also against said John C. Coombs, who was not at the time of the commencement of this suit and is not now either an officer or director of either of said defendant corporations, to enjoin and restrain all of the defendants from in any manner using, appropriating, disposing of, hypothecating, pledging, mortgaging, or selling any of the property of the said Credits Commutation Company or of the said Combination Bridge Company for the purpose of aiding in any railroad enterprise or enterprises or other alleged speculations, or from in any manner carrying out or adopting an alleged plan or purpose of said John C. Coombs to hypothecate, pledge, mortgage, or sell any of the assets or property of the said Credits Commutation Company, for the purposes of aiding or joining in any railroad enterprise or enterprises, or in any manner using any of the assets of either of said companies for said purpose or purposes, and from adopting or authorizing any scheme or plan which has for its purpose to use either the assets or credit of said companies in aid of any railroad enterprise or enterprises, or for any other alleged speculation, and from selling any portion of said assets except for cash or its equivalent at its true and fair value, and that your petitioner and the said plaintiffs are actually interested in said controversy, the plaintiffs owning 4,197 shares of the capital stock of the Credits Commutation Company, and this petitioner owning, as trustee, a large majority of the capital stock of said company, to wit, over 20,000 shares out of a total of less than 39,000 shares, and the Credits Commutation Company owns all the stock of the Combination Bridge Company."

It certainly needs no argument to show that the Credits Commutation Company is actually interested in a suit brought to restrain it and its officers from making certain uses and dispositions of its property, and the averment in the petition for removal is that the defendant Coombs, being the owner as trustee of a large majority of the capital stock of the company, is interested in this controversy.

This being so, it does not appear that there is a separable controversy in the case of such a nature as to enable the defendant Coombs to remove the suit into this court.

Being without jurisdiction, all this court can do is to remand the suit to the district court of Woodbury county.